UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACK LEE MALONE,

    Petitioner,

v.                                                                             Case No.: 8:12-cv-1495-T-24EAJ
                                                                                                    8:08-cr-381-T-24EAJ

UNITED STATES OF AMERICA,

    Respondent.

_____/

## **ORDER**

This cause comes before the Court upon Petitioner Jack Lee Malone's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. No. 3; Cr. Doc. No. 244). The Government filed a response in opposition, and Petitioner filed a rebuttal to the Government's response.  (Civ. Doc. No. 8, 9).  Petitioner also filed a motion for an evidentiary hearing.  (Civ. Doc. No. 10).  Upon review of the filings, the Court denies Petitioner's motion for an evidentiary hearing and denies Petitioner's § 2255 motion.

    **I.**    **Background**

This petition stems from Petitioner's 2010 conviction for one count of conspiracy to commit tax fraud in violation of 18 U.S.C. § 371. (Cr. Doc. No. 169). Petitioner was charged with conspiring to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service in the ascertainment of the computation, assessment, and collection of federal income taxes.  Petitioner was found guilty following an eight-day jury trial, and this Court sentenced Petitioner to sixty

1

months of imprisonment, followed by thirty-six months of supervised release. (Cr. Doc. Nos. 166, 169).

Petitioner appealed, and the Eleventh Circuit affirmed his judgment and sentence on October 26, 2011. (Cr. Doc. No. 235; U.S. v. Malone, 454 Fed. App'x 711 (11th Cir. 2011)). Petitioner did not file a petition for writ of certiorari to the U.S. Supreme Court, and as such, Petitioner's conviction became final on January 24, 2012, when the time for seeking certiorari review had expired. Petitioner's amended § 2255 motion was timely filed. (Civ. Doc. No. 3).

## II. Motion to Vacate Sentence

In his § 2255 motion, Petitioner asserts several grounds for relief, all of which are based on alleged ineffective assistance of counsel. Petitioner claims that his counsel did not adequately inform him during the plea process, failed to move for severance of Petitioner's case from that of his co-defendant, and failed to provide proper preparation for trial.

### A. Ineffective Assistance of Counsel

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court generated a two-part test to assess whether a defendant received ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.
>
> Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id.

Petitioner must establish both parts of the Strickland test; if he makes an insufficient showing with regard to one part (either deficiency or prejudice), the Court need not address the other part in order to deny Petitioner's ineffective assistance of counsel claim. Id. at 697.

To succeed on an ineffective assistance of counsel claim, Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. The Court must evaluate the reasonableness of an attorney's performance from counsel's perspective at the time of that alleged error and in light of all of the circumstances. Id. at 690.

Petitioner bears the burden of demonstrating the denial of the effective assistance of counsel. U.S. v. Cronic, 466 U.S. 648, 658 (1984). "Counsel is 'strongly presumed' to have rendered adequate assistance and to have exercised reasonable professional judgment." Patel v. United States, 252 F. App'x 970, 972 (11th Cir. 2007) (per curiam) (quoting Strickland, 466 U.S. at 690).

Accordingly Petitioner carries a heavy burden, as reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689 (internal quotation marks omitted).

Simply showing that counsel erred or his performance was deficient is not sufficient. Id. at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment"). Instead, the defects in counsel's performance must be prejudicial to the defense. Id. at 692. Therefore, under the second prong, Petitioner must establish that there is a reasonable probability that the

results would have been different but for counsel's deficient performance. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

### 1. Plea Process

Petitioner claims that his counsel's performance was deficient due to counsel's failure to prepare and adequately advise Petitioner as to the plea agreement process. Specifically, Petitioner argues that his Court-appointed counsel provided no guidance or professional counsel on the appropriate way to approve or decline a plea offer and the consequences of doing so.

In its opposition brief, the Government attaches an affidavit from Petitioner's trial counsel, who states that "[p]leading guilty. . .was discussed early, often[,] and at great length." (Civ. Doc. No. 8-2 at ¶5). Counsel recalls in his affidavit the specific dates of meetings on at least fourteen occasions wherein a plea was discussed with Petitioner, but Petitioner rejected the idea of plea negotiations. (Civ. Doc. No. 8-2 at ¶9). Petitioner does not contest these meetings in his motion or his reply.  In addition, the Government recollects a meeting in which Petitioner was verbally offered the opportunity to plead and cooperate, but he declined.

Petitioner has not claimed that there was a plea offer that his counsel failed to disclose; thus, Petitioner has put forth no argument that his counsel did not fulfill his "duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012) (noting also the generally accepted standard by the American Bar Association that defense counsel "promptly communicate and explain to the defendant all plea offers made by the prosecuting attorney").  In addition, Frye does not create a new rule of law that is retroactively applicable on collateral review.  See In re Perez, 682 F.3d 930, 932-33 (11th Cir. 2012).

To successfully argue ineffective assistance of counsel with regard to plea negotiations, Petitioner must show with reasonable probability that he would have accepted the offer to plead pursuant to the terms of a plea agreement. Frye, 132 S. Ct. at 1410 (noting the Strickland inquiry requires "looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed"). Petitioner has not met this burden, as Petitioner does not allege in his amended § 2255 motion or his reply that he would have accepted any plea agreement.

Additionally, this Court asked Petitioner prior to trial: "[h]ave you discussed with your attorney the pros and cons of pleading not guilty and going to trial as opposed to pleading guilty to this charge or these charges?" (Cr. Doc. No. 198 at 4). Petitioner responded that he had. (Cr. Doc. No. 198 at 5). This Court then asked if it was Petitioner's decision to proceed to trial, to which Petitioner responded affirmatively. Id.

The Court finds that Petitioner has not met either part of the two-part Strickland test with regard to ineffective assistance during the plea process. Petitioner has not shown that counsel acted deficiently regarding communicating plea offers. Further, Petitioner has not met his burden of showing with reasonable probability that he would have pled pursuant to the terms of any plea agreement, and as such, he has not shown that any deficient performance resulted in prejudice to the defense in this case.

**2. Severance and Spillover Prejudice**

Next, Petitioner claims that he made several requests of his counsel to have his case tried separately from that of his co-defendant Joseph Sweet, because Petitioner would have potentially had a better outcome if this had been done since he was "simply a co-conspirator." (Civ. Doc. No. 3-1 at 3). The Government responds that Petitioner fails to allege a legal or factual basis for

counsel to have sought such relief and that Petitioner's self-serving allegation that he would have fared better by himself at trial does not justify severance.

"[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Zafiro v. United States, 506 U.S. 534, 540 (1993). The defendant seeking severance bears a heavy burden to prove that he "'suffered compelling prejudice'" and thus received an unfair trial. United States v. Kennard, 472 F.3d 851, 859 (11th Cir. 2006) (quoting United States v. Walser, 3 F.3d 380, 386 (11th Cir.1993)). Petitioner here has not met that heavy burden.  Petitioner has not alleged any specifics as to how he was prejudiced. Further, the nature of the case itself--a criminal conspiracy--makes it very unlikely that this Court would have granted a severance had a motion been brought. U.S. v. Lopez, 649 F.3d 1222, 1234 (11th Cir. 2011); U.S. v. Schlei, 122 F. 3d 944, 984 (11th Cir. 1997) (holding that defendants who are indicted together in conspiracy cases are typically tried together).

Finally, deciding not to move for a severance could well have been a tactical decision by Petitioner's counsel, who may have hoped a jury would find Petitioner less culpable than co-defendant Sweet. While Petitioner's trial counsel states in his affidavit that severance "was also discussed on several occasions," counsel also states that because Petitioner was less culpable than his co-defendant, Petitioner "as a tactical matter, was the person most likely to profit from a joint trial." (Civ. Doc. No. 8-2 at ¶11). "[C]ounsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" Chandler v. U.S., 218 F.3d  1305, 1314 (11th Cir. 2000)(quoting Darden v. Wainwright, 477 U.S. 168 (1986)).

This Court finds that Petitioner has not shown that his trial counsel was deficient with regard to not moving for a severance, as this might have been a strategic, tactical decision on the part of counsel  In addition, Petitioner has not alleged any facts to demonstrate that any spillover prejudice occurred as a result of a joint trial.

### 3. Trial Preparation (Witnesses, Cross-Examination, Courtroom Etiquette)

#### a. Witnesses

Petitioner claims that his trial counsel's performance was deficient because his counsel refused to call any witness in his defense at trial. Petitioner does not name the witnesses that he would have had counsel call or what those witnesses might have said. Regardless, counsel does not have to call every witness suggested by Petitioner. Which witnesses to call, and when to call them, is the epitome of a strategic decision. Conklin v. Schofield, 366 F.3d 1191, 1204 (11th Cir. 2004) (citation omitted); see also Hardwick v. Crosby, 320 F.3d 1127, 1161 (11th Cir. 2003) (holding that counsel's failure to call certain witnesses is generally considered a tactical decision, not ineffective assistance of counsel).

Trial counsel's affidavit (which the Government attached to its opposition brief) further supports the conclusion that choosing not to call witnesses suggested by Petitioner was a strategic, tactical decision, made after interviewing at least one of the suggested witnesses and deciding that "the best defense was one which did not feature disbarred lawyers, former I.R.S. Agents, and other dubious and/or potentially deranged persons." (Civ. Doc. No. 8-2 at ¶7).

Under Strickland, a petitioner must show that counsel erred or was deficient and that there is a reasonable probability that the results would have been different but for counsel's deficient performance. 466 U.S. at 691–94. Here, Petitioner has again not met either part of the test, as the tactical decision not to call these witnesses does not constitute deficiency of counsel,

and Petitioner has not shown with reasonable probability that the results would have been different had these witnesses been called. Petitioner has not named these witnesses, offered evidence that they would have testified on his behalf, or submitted to this Court any sworn affidavits containing testimony that these witnesses would have given. "[M]ere speculation that missing witnesses would have been helpful is insufficient to meet the petitioner's burden of proof." Streeter v. U.S., 335 Fed. App'x 859, 864 (11th Cir. 2009) (citing Johnson v. Alabama, 256 F.3d 1156, 1187 (11th Cir. 2001)). The Court rejects Petitioner's claim that trial counsel was deficient in failing to call witnesses in Petitioner's defense.

### b. Cross-Examination and Courtroom Etiquette

Petitioner also claims that his counsel "failed to provide proper preparation for trial, and did not instruct [him] on the court room etiquette. [Counsel] failed to review [Petitioner's] testimony, or prepare him for cross examination." The Court is unclear as to what Petitioner means by "court room etiquette."

With regard to preparing Petitioner for the trial, trial counsel states in his affidavit that he met with Petitioner "on numerous occasions in an effort to prepare him for testimony."(Civ. Doc. No. 8-2 at ¶8). Petitioner decided to testify and subject himself to cross-examination, even after counsel pointed out inconsistencies and weaknesses in Petitioner's intended testimony that the Government would argue and that a jury would note. (Doc. No. 8-2, Exhibit A). The record of proceedings in this case makes clear that trial counsel thoroughly represented Petitioner's interests throughout the case. The Court rejects Petitioner's claim that trial counsel was deficient in preparing Petitioner for cross-examination.

8

### B. Evidentiary Hearing

Petitioner requests an evidentiary hearing in this case. Petitioner bears the burden of establishing the need for an evidentiary hearing. Birt v. Montgomery, 725 F.2d 587, 591 (11th Cir. 1984) (en banc). An evidentiary hearing on a habeas petition shall be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court first determines whether a petitioner's claim of ineffective assistance of counsel contains merit; if the petitioner fails to state a claim under this inquiry, then the request for an evidentiary hearing must also be denied. Birt, 725 F.2d at 591. Petitioner has failed to make the requisite showing of credible supporting evidence for this Court to conclude that he is entitled to such a hearing. See Covington v. U.S., 8:10-CV-2500-T-30TBM, 2012 WL 3835083 at **3–4 (M.D. Fla. Sept. 4, 2012). Here, a review of Petitioner's § 2255 motion, reply brief, and the relevant court documents in this case clearly demonstrates that Petitioner is not entitled to relief. See Scott v. United States, 325 F. App'x 822, 824–25 (11th Cir. 2009) (denying evidentiary hearing where petitioner failed to allege required specific, non-conclusory facts and gave limited support for his allegations).

### III.   Conclusion

After having considered each of the grounds raised in Petitioner's amended § 2255 motion, this Court finds that Petitioner, Jack Lee Malone, has not shown that his counsel's performance was deficient or that he was prejudiced by his counsel's performance. Accordingly, it is ORDERED and ADJUDGED that:

(1) Petitioner's motion for an evidentiary hearing (Civ. Doc. No. 10) is **DENIED**.

(2) Petitioner's amended § 2255 motion (CV Doc. No. 3; Cr. Doc. No. 244) is **DENIED**.

(3) The clerk is directed to enter judgment against Petitioner and to close the civil case.

## <u>CERTIFICATE OF APPEALABILITY AND</u>

## <u>LEAVE TO APPEAL IN FORMA PAUPERIS DENIED</u>

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). <u>Id.</u> "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." <u>Id.</u> at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u> 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal <u>in forma pauperis</u>.

DONE AND ORDERED at Tampa, Florida, this 6th day of March, 2013.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner